IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DWIGHT BRIGHT AND** § | | **CIVIL ACTION NO.** |
| **JAKOBE MCMILLER,** § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | 4:21-cv-2854 |
| § | | |
| **PATRICK MARORO ONYANCHA,** § | | |
| **KIBIBA LOGISTICS LLC, and** § | | |
| **PM TRANSIT LLC,** § | | |
| *Defendants*. § | | *JURY REQUESTED* |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs Dwight Bright and Jakobe McMiller (collectively referred to as "Plaintiffs") now file this Original Complaint against Defendants Patrick Maroro Onyancha, Kibiba Logistics LLC, and PM Transit LLC (collectively referred to as "Defendants") and would respectfully show the Court the following:

## PARTIES

1. Plaintiff Dwight Bright (hereinafter referred to as "Plaintiff Bright") is an individual who resides in Montgomery County, Texas. They may be served through their attorneys of record, Brent S. Phelps and Tej R. Paranjpe, of Paranjpe Mahadass Ruemke LLP, 3701 Kirby Dr., Suite 530, Houston, Texas 77098.

2. Plaintiff Jakobe McMiller (hereinafter referred to as "Plaintiff McMiller") is an individual who resides in Montgomery County, Texas. They may be served through their attorneys of record, Brent S. Phelps and Tej R. Paranjpe, of Paranjpe Mahadass Ruemke LLP, 3701 Kirby Dr., Suite 530, Houston, Texas 77098.

3.      Defendant Patrick Maroro Onyancha (hereinafter referred to as "Defendant Onyancha") is a resident of Florida and may be served with process at 18996 Portofino Drive, Tampa, Florida 33647, or wherever they may be found.

4.      Defendant Kibiba Logistics LLC (hereinafter referred to as "Defendant Kibiba") is an Illinois corporation transacting business in Texas, with its headquarters and principal place of business in Oswego, Illinois, USDOT 3092160, and may be served with process through its registered agent, Douglas Kibiba, located at 3722 Salem Walk Apt AG, Northbrook, IL 60062 or wherever they may be found.

5.      Defendant PM Transit LLC (hereinafter referred to as "Defendant PM Transit") is a Florida corporation transacting business in Texas, with its headquarters and principal place of business in Tampa, Florida, and may be served with process through its registered agent, Patrick Onyancha, located at 18996 Portofino Drive, Tampa, Florida 33647, or wherever they may be found.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) and (a)(3) because the Plaintiffs and Defendants are citizens of different U.S. states, a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7.      Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or occurred.

## RESPONDEAT SUPERIOR

9.      Defendants are legally responsible to the Plaintiffs for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior,

agency, and/or ostensible agency. As a result thereof, the Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants and representatives.

## MISNOMER AND ALTER EGO

10. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this complaint. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

11. The "alter ego doctrine permits the imposition of liability upon the parent company for torts and contractual obligations of its subsidiary…" *Miles v. Am. Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th Cir. 1983). The theory "provides a vehicle for bringing a subsidiary within the reach of the Texas long-arm statute because a close relationship between a parent and its subsidiary may justify a finding that the parent does business in a jurisdiction through the local activities of its subsidiaries, or vice versa." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Circ. 1983); *Walker v. Newgent* 583 F.2d 163, 167 (5th Cir. 1978).

12. "Where a parent establishes a subsidiary… and dominates it…that the subsidiary is a mere conduit for the parent's business, the parent should not be able to shift the risk of loss." *United States v. Jon-T Chemicals, Inc.* 768 F.2d 686, 693 (5th Cir. 1985); *Nelson v. Int'l. Paint Co.* 734 F.2d 1084, 1093 (5th Cir. 1984); *Edwards Co. v. Monogram Indus.* 730 F.2d 977, 982 (5th Cir. 1984); *Miles v. Am. Tel. & Tel. Co.* 703 F.2d 193, 195 (5th Cir. 1983).

## FACTS

13. On or about April 5, 2021, Plaintiff Bright was driving in the right-hand lane of the I-45 feeder road with Plaintiff McMiller as a passenger in Montgomery County, Texas. Defendant

Onyancha failed to yield and failed to make a safe lane change when he turned across several lanes of traffic and slammed into the left side Plaintiff's vehicle. With Plaintiff's vehicle stuck under the large Ryder truck that Defendant Onyancha was driving, Defendant Onyancha continued to drive and drag Plaintiff's down the road. At all times relevant, Defendant Onyancha was acting in the course and scope of his employment with Defendants Kibiba and PM Transit and acting in furtherance of a mission for Defendants Kibiba and PM Transit, and/or Defendants Kibiba and PM Transit's benefit and subject to its/their control. Additionally, Defendant Onyancha was driving a vehicle rented by Defendants Kibiba and PM Transit and was operating the vehicle under their commercial operating authority. As a result of the collision and Defendants' negligence, Plaintiffs suffered serious and significant bodily injuries, and suffered damage to Plaintiff's property.

## CAUSES OF ACTION

**A.**     ***NEGLIGENCE (ALL DEFENDANTS)***

14.     Plaintiff repeats and realleges each allegation contained above.

15.     Plaintiff sustained injuries because of Defendants' negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to turn safely;
- Failed to maintain a safe distance;
- Failed to pay attention to the road;
- Failed to maintain a single lane;
- Failed to keep a proper lookout;
- Failed to change lanes in a safe manner;
- Failed to adequately and timely apply the brakes;
- Failed to take evasive action to avoid the collision;

- Driving while distracted;

- Failed to operate the vehicle safely;

- Failed to properly supervise its employees;

- Failed to properly train its employees;

- Failed to prudently supervise the job;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations;

- Failure to provide its employees with necessary equipment;

- Failing to do what a person of ordinary prudence in the same or similar circumstances would have done;

- Failing to get unsafe drivers off the roadway;

- Failing to investigate the crash in question;

- Failing to develop and implement actions to encourage safe driving;

- Failing to develop employment positions to adequately train drivers;

- Failing to conduct daily safety meetings;

- Requiring employees to work to the point of fatigue;

- Failing to implement policies and procedures to insure against driver fatigue;

- Failing to follow own policy and procedures following a motor vehicle collision;

- Failing to create adequate policies and procedures relating to driver safety;

- Failing to have policies and procedures in place to confirm safe driving practices;

- Failing to regularly test drivers to insure safe practices; and

- Other acts deemed negligent.

16. Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for her injuries.

17. Defendants owed Plaintiff and others a duty to exercise reasonable care when operating the vehicle.

18. Each of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

B. *RESPONDEAT SUPERIOR*

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Onyancha was within the course and scope of their employment for Defendants Kibiba and PM Transit.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Onyancha was engaged in the furtherance of Defendants Kibiba and PM Transit's businesses.

21. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Onyancha was engaged in accomplishing a task for which Defendant was employed.

22. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendants.

C. *AGENCY*

23. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants Kibiba and PM Transit occurred within the scope of the actual or apparent authority of such person on behalf of

Defendants.

24. Therefore, Defendants Kibiba and PM Transit are liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

### D. NEGLIGENT HIRING

25. Plaintiffs repeat and reallege each allegation contained above.

26. Plaintiffs sustained injuries as a result of Defendants Kibiba and PM Transit's negligent hiring because of Defendants Kibiba and PM Transit's:

- Failure to conduct a reasonable and adequate interview of Defendant Onyancha as a potential employee.

- Failure to properly follow up on information not provided by Defendant Onyancha in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate the training, prior employment, criminal record, and past of Defendant Onyancha.

- Failure to perform the required screening, testing, and physical of Defendant Onyancha.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. NEGLIGENT TRAINING

27. Plaintiffs repeat and reallege each allegation contained above.

28. Plaintiffs sustained injuries as a result of Defendants Kibiba and PM Transit's negligent training because of Defendants Kibiba and PM Transit's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Onyancha involved in the incident that makes the basis of this lawsuit.

- Failure to provide the necessary training to Defendant Onyancha regarding driving this vehicle, vehicle safety, safety classes, the proper manner to safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Onyancha, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## F.   *NEGLIGENT SUPERVSION, RETENTION, AND MONITORING*

29. Plaintiff repeats and realleges each allegation contained above.

30. Plaintiff sustained injuries as a result of Defendants Kibiba and PM Transit's negligent supervision, retention and monitoring because of Defendants Kibiba and PM Transit's:

- Failure to monitor Defendant Onyancha to make sure they were complying with policies and procedures.

- Failure to interview and test Defendant Onyancha to make sure they had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Onyancha, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Onyancha to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## DAMAGES OF PLAINTIFFS

31. This claim for damages is based upon the facts and legal theories more fully set out herein.

32. As a result of the negligent acts of Defendants, Plaintiffs suffered damages in the past and will in reasonable probability continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court.

33. As a proximate cause of Defendants' negligence, Plaintiffs sustained the following damages:

- Property damage to Plaintiff's motor vehicle;

- Medical, hospital, and pharmaceutical charges and expenses in the past;

- Medical, hospital and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

- Pain and suffering in the past;

- Pain and suffering that, in reasonable probability, will be suffered in the future;

- Mental anguish suffered in the past;

- Mental anguish that, in reasonable probability, will be suffered in the future;

- Disability and impairment in the past;

- Lost earnings in the past;

- Disability and impairment that, in reasonable probability, will occur in the future;

- Disfigurement in the past; and

- Disfigurement that, in reasonable probability, will occur in the future.

34. Plaintiff has suffered damages from the Defendant's wrongful conduct described herein. Accordingly, Plaintiff is seeking damages over $1,000,000.00.

## JURY DEMAND

35. Plaintiffs respectfully request a trial by jury.

## PRAYER

For these reasons, Plaintiffs ask the Court to issue citations for the Defendants to appear and answer, and that Plaintiffs be awarded a judgment against the Defendants for the following:

a. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

b. Costs of Court;

c. Incidental damages;

d. Exemplary damages;

e. Costs of court;

f. Prejudgment and post-judgment interest at the maximum legal rate per annum until paid; and

g. Such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**Paranjpe Mahadass Ruemke LLP**

/s/Brent S. Phelps_____
Brent S. Phelps
*Attorney-in-charge*
Texas State Bar: 24096148
Federal Bar Number: 3600494
Tej Paranjpe
State Bar Number:  24071829
Federal Bar Number: 1682215
3701 Kirby, Suite 530
Houston, Texas 77098
BPhelps@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

*Counsel for Plaintiffs*